IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

LaMONTRAI K. THOMAS,            )
No. 06942-027                   )
                                )
            Petitioner,         )
                                )
    vs.                         )   Case No. 14-cv-01103-DRH
                                )
JAMES CROSS, JR.,               )
                                )
            Respondent.         )

MEMORANDUM AND ORDER

**HERNDON, District Judge:**

Petitioner LaMontrai K. Thomas is currently incarcerated in the Federal Correctional Institution at Greenville, Illinois. Proceeding *pro se*, Thomas has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, challenging the enhancement of his sentence in under United States Sentencing Guidelines ("U.S.S.G.") Section 4B1.1 for being a career offender. *See United States v. Thomas*, Case No. 01-cr-71-WCL (N.D. Ind. 2002). Thomas contends that, because of the alleged sentencing error he is "actually innocent" and, in accordance with *McQuiggin v. Perkins*, __U.S.__, 133 S.Ct. 1924 (May 28, 2013), he should be able to overcome any procedural bar that otherwise would block consideration of the merits of his petition.

This matter is now before the Court for preliminary review of the habeas petition. Rule 4 of the Federal Rules Governing Section 2254 Cases in United States District Courts provides that upon preliminary consideration by the district

judge, "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified." Rule 1(b) of those Rules gives this Court the authority to apply the rules to other habeas corpus cases, such as this action brought pursuant to Section 2241.

## Procedural History

Petitioner Thomas pleaded guilty to armed bank robbery in violation of 18 U.S.C. § 2113(a) and (d), and using a handgun in relation to a crime of violence, in violation of 18 U.S.C. § 924(c). *United States v. Thomas*, Case No. 01-cr-0071 (N.D. Ind. 2002). He was sentenced to 188 months on the bank robbery count, and to a consecutive 84 month sentence on the handgun charge. Thomas was classified as a career offender under U.S.S.G. Section 4B1.1 because he had two or more previous state court felony convictions, including seven in 2005 for burglary (*see* Doc. 1, pp. 23-25). Thus, the sentencing range for the bank robbery count increased from 63-78 months to 188-235 months.

Thomas did not file a direct appeal from his conviction, even though his plea agreement had not contained a waiver of his right to appeal. However, in September 2010, Thomas filed a motion in his criminal case seeking permission to file a late appeal (Doc. 48 in the criminal case). When that motion was denied, he filed an untimely motion for relief under 28 U.S.C. § 2255 in November 2010, alleging ineffective assistance of counsel because his attorney failed to file a notice

of appeal following his conviction (Doc. 50 in the criminal case). The trial court dismissed the Section 2255 motion as untimely, finding that petitioner could have filed it within the one year time limit if he had exercised due diligence in monitoring his case (Docs. 54, 68, in the criminal case). Petitioner's appeal of the Section 2255 case was dismissed on October 6, 2011, after the filing fee was not paid (Doc. 83 in the criminal case).

In May 2013, Thomas filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. *See Thomas v. Cross*, Case No. 13-cv-464-DRH (S.D. Ill. filed May 15, 2013). Relying primarily on *United States v. Buford*, 201 F.3d 937, 942 (7th Cir. 2000), Thomas argued that he should not have been sentenced as a career offender, because his prior convictions for burglary should have been counted as one prior felony, not as two or more. From Thomas's perspective, because all seven Indiana burglary charges were consolidated for sentencing, with a single (concurrent) 10-year term of imprisonment imposed, he was only convicted once for purposes of Section 4B1.1. The Section 2241 petition was dismissed with prejudice by Order dated June 6, 2013, because the argument could have been raised on direct appeal or in a timely Section 2255 motion, and Thomas had not pointed to any change in the law that occurred too recently to have been addressed. Thomas's appeal was dismissed for failure to pay the filing fee (Doc. 9-1 in Case No. 13-cv-646-DRH).

## The Habeas Petition

Thomas's present Section 2241 petition presents essentially the same substantive argument that was in his 2013 Section 2241 petition—that the seven burglary cases that were consolidated for sentencing should have been counted as only a single conviction for purposes of the career offender enhancement under U.S.S.G. Section 4B1.1.  However, applying U.S.S.G. Section 4A1.2(a), he now emphasizes that the seven burglaries should have been group as a single offense.  He asserts that the offenses were not separated by intervening arrests, and he was sentenced on all seven burglaries on the same day, which are the criteria under Section 4A1.2(a)(2) for having multiple offenses grouped (*see* U.S.S.G. § 4B1.2, Commentary, Application Note 3 (4A1.2 applies to the counting of convictions in 4B1.1)).

Taking a cue from the Court's denial of his 2013 petition, and citing the Supreme Court's 2013 *McQuiggin* decision, petitioner now asserts that he may bring this claim under the "savings clause" of 28 U.S.C. § 2255(e) because he is actually innocent of this non-qualifying or improperly calculated enhancement.

## Discussion

As a preliminary matter, the similarity of the 2014 petition and Thomas's 2013 Section 2241 petition is noted.  Arguably, there is no distinction between the two, which warrants dismissal with prejudice and the imposition of a monetary sanction.  However, in this particular instance the Court need not delve into the

apparent abuse of the writ because the present petition fails even with the new reliance upon *McQuiggin v. Perkins*, __U.S.__, 133 S.Ct. 1924 (May 28, 2013).

As a general matter, "28 U.S.C. § 2241 and 28 U.S.C. § 2255 provide federal prisoners with distinct forms of collateral relief.  Section 2255 applies to challenges to the validity of convictions and sentences, whereas Section 2241 applies to challenges to the fact or duration of confinement." *Hill v. Werlinger*, 695 F.3d 644, 645 (7th Cir. 2012) (citing *Walker v. O'Brien*, 216 F.3d 626, 629 (7th Cir. 2000).  *See also Brown v. Rios*, 696 F.3d 638, 640 (7th Cir. 2012); *Valona v. United States*, 138 F.3d 693, 694 (7th Cir. 1998).

A federally convicted person may challenge his conviction and sentence by bringing a motion pursuant to Section 2255 in the court that sentenced him. Indeed, a Section 2255 motion is ordinarily the "exclusive means for a federal prisoner to attack his conviction." *Kramer v. Olson*, 347 F.3d 214, 217 (7th Cir. 2003).

Under very limited circumstances, however, a prisoner may employ Section 2241 to challenge his federal conviction or sentence.  Section 2255(e) contains a "savings clause" which authorizes a federal prisoner to file a Section 2241 petition where the remedy under Section 2255 is "inadequate or ineffective to test the legality of his detention."  28 U.S.C. § 2255(e).  *See Hill*, 695 F.3d at 648 ("'Inadequate or ineffective' means that 'a legal theory that could not have been presented under § 2255 establishes the petitioner's actual innocence.' ") (citing

*Taylor v. Gilkey*, 314 F.3d 832, 835 (7th Cir. 2002). *See also United States v. Prevatte*, 300 F.3d 792, 798–99 (7th Cir. 2002).

The fact that petitioner may be barred from bringing a second/successive Section 2255 petition is not, in itself, sufficient to render it an inadequate remedy. *In re Davenport*, 147 F.3d 605, 609–10 (7th Cir. 1998) (Section 2255 limitation on filing successive motions does not render it an inadequate remedy for a prisoner who had filed a prior Section 2255 motion). Instead, a petitioner under Section 2241 must demonstrate the inability of a Section 2255 motion to cure the defect in the conviction.

The Seventh Circuit has explained that, following *Davenport*, in order to fit within the savings clause a petitioner must meet three conditions. First, he must show that he relies on a new statutory interpretation case rather than a constitutional case. Second, he must show that he relies on a decision that he could not have invoked in his first Section 2255 motion, and that case must apply retroactively. Third, he must demonstrate that there has been a "fundamental defect" in his conviction or sentence that is grave enough to be deemed a miscarriage of justice. *Brown v. Caraway*, 719 F.3d 583, 586 (7th Cir. 2013). *See also Light v. Caraway*, 761 F.3d 809, 813 (7th Cir. 2014) (elaborating on the "could not have been invoked" aspect of the *Davenport* criteria).

*McQuiggin* (which was decided *before* the district court decided Thomas's 2013 Section 2241 petition) holds that a petitioner who asserts a credible claim of actual innocence of the offense of conviction may be able to overcome the statute

of limitations for filing a petition for habeas relief under 28 U.S.C. § 2254 ( *i.e.,* a habeas application filed by a *state* prisoner). That case does not apply here. Thomas does not assert that he is actually innocent of the offense of conviction,[1] and Section 2254 is inapplicable to him because he is challenging a federal conviction. Moreover, even if *McQuiggin* were relevant to Thomas's situation, and it satisfied the first *Davenport* hurdle, the Supreme Court has not declared *McQuiggin* to be retroactive. *See Tyler v. Cain,* 533 U.S. 656, (2001) (holding that a new rule is not made retroactive to cases on collateral review unless the Supreme Court expressly holds it to be retroactive).

Petitioner Thomas does not present any other new arguments regarding how Section 2255 is an inadequate remedy for his arguments attacking the calculation of his sentence. The Court hereby adopts and incorporates its Order in *Thomas v. Cross*, Case No. 13-cv-464-DRH (S.D. Ill. filed May 15, 2013), concluding that Section 2255 is not an inadequate or ineffective remedy relative to Thomas's substantive attack on his sentence.

For all of the reasons stated, Thomas has again failed to qualify to use the savings clause in Section 2255(e) to open the portal to Section 2241 review of his substantive argument.

---

[1] In *McQuiggin*, the Supreme Court stated, "To invoke the miscarriage of justice exception to AEDPA's statute of limitations, we repeat, a petitioner 'must show that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence.' " *McQuiggin*, 133 S.Ct. at 1935 (quoting *Schlup v. Delo*, 513 U.S. 298, 327(1995)). Petitioner Thomas has not even attempted to meet that standard.

**IT IS THEREFORE ORDERED** that, for the reasons stated, petitioner LaMontrai K. Thomas's Section 2241 petition (Doc. 1) is **DISMISSED with prejudice**. The Clerk is **DIRECTED** to close this case and enter judgment accordingly.

If petitioner wishes to appeal this dismissal, he may file a notice of appeal with this court within thirty days of the entry of judgment. FED. R. APP. P. 4(a)(4). A motion for leave to appeal *in forma pauperis* should set forth the issues petitioner plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C). If petitioner does choose to appeal and is allowed to proceed as a pauper, he will be liable for a portion of the $505.00 appellate filing fee (the amount to be determined based on his prison trust fund account records for the past six months) irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725–26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858–59 (7th Cir. 1999); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998). A timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30–day appeal deadline.

It is not necessary for petitioner to obtain a certificate of appealability from this disposition of his Section 2241 petition. *Walker v. O'Brien*, 216 F.3d 626, 638 (7th Cir. 2000).

Petitioner is **ADVISED** that future repetitious, frivolous habeas corpus petitions will result in dismissal of the petition and the imposition of a substantial monetary sanction. See *Alexander v. United States,* 121 F.3d 312, 315 (7th

Cir.1997) (citing *Chambers v. NASCO, Inc.,* 501 U.S. 32 (1991) (holding that courts have inherent powers to protect themselves against vexatious litigation)).

**IT IS SO ORDERED.**

**Signed this 10th day of November, 2014.**

Digitally signed by David R. Herndon
Date: 2014.11.10 16:24:19 -06'00'

**United States District Judge**